UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| KENAMERICAN RESOURCES, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Action No. 5:12-CV-86-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| POTTER GRANDCHILDREN, LLC, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

** ** ** ** **

This matter is before the Court on the Motion to Dismiss [Record No. 3] filed by Defendant Potter Grandchildren, LLC ("Potter"). Potter seeks to dismiss Counts II and III of the Complaint filed by Plaintiff KenAmerican Resources, Inc. ("KenAmerican"). KenAmerican has responded [Record No. 7] and Potter timely replied [Record No. 9]. This matter is now ripe for review.

**I. Background**

On or about July 21, 1997, Potter's predecessors in interest entered into an agreement to lease all of the unmined coal contained in the #9 seam located on a specific tract of land in Hopkins County, Kentucky, as well as the right to mine and market such coal, to KenAmerican. By its terms in Article III of the lease, the lease states that

"unless terminated sooner," the lease "shall terminate on the 14th day of September, 2014." [DE 3-1, Redacted Lease, at p. 3.] As the parties describe the lease, Article III of the lease allows the Lessor, Potter, to terminate the lease, but "by the explicit terms of the Lease, the right to terminate the Lease would be extinguished by the occurrence of certain specified events and/or actions taken by Plaintiff." [Complaint, Record No 1-2 at ¶ 9]. KenAmerican contends that these certain specified events occurred during the course of the lease. Specifically, KenAmerican argues that these events occurred prior to November 2, 2011, when Potter attempted to provide notice of termination of the lease to KenAmerican. Because those events occurred, KenAmerican argues, Potter's ability to terminate the lease was extinguished before Potter attempted to terminate the lease.

KenAmerican's complaint requests that (1) this Court enter a declaratory judgment that Potter's right and option to terminate the Lease under Article III of the lease was extinguished and that the lease remains in full effect because the November 2, 2011, notice of termination was invalid, (2) that estoppel operates to prevent Potter from refusing to negotiate an extension of the term of the lease, and (3) that, in the alternative, Potter breached

2

the contract and is liable to KenAmerican for related damages. Potter argues that it cannot be forced to enter into negotiations for a new lease, as KenAmerican requests in Count II of the Complaint. Further, Potter argues that KenAmerican cannot demonstrate any damages that it has incurred by the alleged breach of contract asserted in Count III and, therefore, the complaint fails to state a claim.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the plaintiff's complaint. The Court views the complaint in the light most favorable to the plaintiff and must accept as true "well-pleaded facts" set forth in the complaint. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir. 1997). If it appears beyond doubt that the plaintiff's complaint does not state facts sufficient to "state a claim to relief that is plausible on its face," then the claims must be dismissed. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Weisbarth v. Geauga Park Dist.,* 499 F.3d 538, 542

(6th Cir. 2007). Further, the complaint must establish "enough fact to raise a reasonable expectation that discovery will reveal evidence" to show the averments are factually plausible. *Twombly,* 550 U.S. at 556. While the Court presumes all factual allegations to be true and makes all reasonable inferences in favor of Plaintiff, the Court does not have to accept "unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield,* 552 F.3d 430, 434 (6th Cir. 2008)(citations omitted). If the "complaint does not contain any factual allegation sufficient to plausibly suggest" each essential element of the averred violation, it does not contain enough factual content to nudge the claim across the line from conceivable to plausible and must be dismissed. *Ashcroft v. Iqbal,* 556 U.S. 662, 680-83 (2009).

## III. Discussion

### A. Count II

KenAmerican claims that during the term of the lease, it has made "continuing and substantial improvements" to develop the subject property, as well as additional infrastructure and adjacent mines in the area in preparation for mining the coal that is the subject of the lease, despite the fact that KenAmerican "does not expect to commence mining activities on the property that is the

4

subject of the Lease before the end of the Lease term in September 2014." [Compl., DE 1-2 at ¶ 19.] KenAmerican contends that Potter knew of KenAmerican's activities and its intent not to mine the coal until after 2014, yet remained silent about Potter's intent to not extend the lease. "Indeed, to the contrary, Potter represented to [KenAmerican] it would enter into good faith negotiations to extend the lease," according to KenAmerican. [Compl., DE 1-2 at ¶ 21.] KenAmerican alleges that it relied on Potter's silence, as well as Potter's representation that it would "enter into good faith negotiations to extend the lease," to KenAmerican's detriment.

While countenanced as an "estoppel" claim, KenAmerican advances both contract and promissory recovery theories in Count II of its Complaint and through its brief. Potter argues, however, that KenAmerican fails to state a claim on which relief can be granted under either theory. This Court agrees and will address each theory in turn.

**1. Breach of contract argument**

Although KenAmerican specifically disclaims asserting a breach of contract claim, it takes pains to argue that that "[e]ven if it had asserted a breach of contract claim . . . Kentucky cases addressing agreements to negotiate are distinguishable" because KenAmerican is claiming only

5

reliance damages.   Additionally, the plain language of the Complaint in Count II requests this Court to prevent Potter "from refusing to negotiate an extension of the Lease in good faith based upon the reasonable and detrimental reliance of [KenAmerican] as aforesaid." [Compl., DE 1-2 at ¶ 25.]   Despite KenAmerican's assertions to the contrary in its briefs, this is a clear request for this Court to direct Potter to negotiate an extension, or new lease, in good faith, which would fall within a claim for a breach of contract to negotiate.

Under Kentucky law, "agreements to bind parties to future negotiations in good faith are unenforceable agreements to agree." *Giverny Gardens, Ltd P'ship v. Columbia Hous. Partners Ltd. P'ship,* 147 F.App'x 443, 449 (6th Cir. 2005).   Known as the "Kentucky rule," Kentucky takes an "all or nothing" approach, meaning that "[e]ither the agreement is enforceable as a binding contract to consummate the transaction or it is unenforceable as something less." *Cinelli v. Ward*, 997 S.W.2d 474, 478 (Ky.App. 1998).   KenAmerican does not assert that any material terms were agreed upon in the furtherance of this alleged agreement and, as such, alleges nothing more than an alleged agreement to negotiate in good faith, which in Kentucky is without any legal effect.   *Id*.   Accordingly,

the breach of contract claim based upon Potters' alleged representation that it would enter into good faith negotiations to extend or enter into a new lease does not lie.

**2. Estoppel argument**

A claim for promissory estoppel, generally, occurs where "a party reasonably relies on a statement of another and materially changes his position in reliance on that statement." *Rivermont Inn, Inc. v. Bass Hotels & Resorts, Inc.,* 113 S.W.3d 636, 642 (Ky. App. 2003). Plaintiff must show that (1) a promise was made; (2) the promisee reasonably relied upon the promise by acting or forbearing to act upon the strength of it; (3) the promisor, at the time of making his promise, foresaw or expected that the promisee would act or forbear in reliance upon it; and (4) enforcement of the promise is necessary to avoid an injustice. *Davis v. Siemens Medical Solutions USA, Inc.,* 399 F.Supp.2d 785, 795 (W.D.Ky 2005)(citations omitted).

While KenAmerican argues that Potter "represented" that it would enter into good faith negotiations to extend the lease, the substance, timing and form of this representation are not described in the Complaint or in the subsequent briefs regarding this claim. More importantly, KenAmerican makes no allegation that Potter promised to

extend the lease – there was only a promise to enter into negotiations, at most. This does not rise to the level of a promise contemplated by the promissory estoppel theory of recovery. The alleged representation that Potter would enter into negotiations is not a promise. Moreover, even if it could be characterized as a promise, which it is not alleged to be, such a promise to enter into negotiations is not a promise that could reasonably induce KenAmerican to make the substantial investments it alleges. A representation or promise to enter negotiations is not the same as a promise to extend a lease.

Thus, Count II shall be dismissed.

**B. Count III**

In its Complaint, KenAmerican asserts that:

> Potter knows that [KenAmerican] has been engaged
> in the mining of coal on a parcel adjacent to the
> property that is the subject of the Lease. For
> some time, Potter further has been aware that
> [KenAmerican] does not expect to commence mining
> activities on the property that is the subject of
> the Lease before the end of the lease term in
> September 2014.

[Compl. at ¶ 19.] Potter reads this clause as an admission that KenAmerican is not, and would never have been, in a position to mine the coal on the subject property by the expiration of the lease. With that in mind, Potter argues that KenAmerican was not damaged by Potter's breach of the

contract and, thus, KenAmerican cannot sustain a claim for that breach.

KenAmerican denies that the allegation in the Complaint was an admission of any type. Instead, KenAmerican was merely describing the context of the parties' dealings relative to its claims. KenAmerican maintains that it is capable of, and entitled to, mine the coal on the subject property before the expiration of the contract in 2014 and that it will be able to demonstrate damages caused by Potter's breach. While the language in KenAmerican's Complaint certainly casts doubt on its ability to show damages resulting from Potter's alleged breach, KenAmerican is entitled to come forward with any evidence demonstrating its alleged damages. Presuming all factual allegations to be true and making all reasonable inferences in favor of Plaintiff at this juncture, KenAmerican has asserted "(1) the existence of a valid contract, (2) breach of the contract, and (3) damages or loss." *In re ClassicStar Mare Lease Litigation*, 735 F. Supp. 2d 707, 709 (E.D.Ky 2010) (citing *Sudamax Industria e comercio de Cigarros. Ltda v. Buttes and Ashes, Inc.*, 516 F.Supp. 2d 841, 845 (W.D.Ky 2007)). Because KenAmerican has sufficiently alleged all of the elements required to

9

substantiate a claim for breach of contract in its Complaint, Count III shall not be dismissed.

**IV. Conclusion**

For the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss [Record No. 3] filed by Defendant Potter Grandchildren, LLC shall be **GRANTED IN PART AND DENIED IN PART**. Count II of KenAmerican's Complaint shall be dismissed. Count III of KenAmerican's Complaint shall not be dismissed.

**IT IS FURTHER ORDERED** that Defendant Potter Grandchildren, LLC shall have 20 days to file an answer to the Plaintiff's Complaint.

This the 4th day of January, 2013.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge