```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
                 CENTRAL DIVISION at LEXINGTON


KENAMERICAN RESOURCES, INC.    )
                               )
    Plaintiff,                 ) Action No. 5:12-CV-86-JMH
                               )
v.                             )
                               )
POTTER GRANDCHILDREN, LLC,     ) MEMORANDUM OPINION AND ORDER
                               )
    Defendant.                 )
                               )
                               )
```

                    **   **   **   **   **

This matter is before the Court on the Motion of the Plaintiff KenAmerican Resources, Inc. ("KenAmerican") to stay this matter in this Court and compel arbitration as provided in the contract between the parties. [Record No. 8]. Defendant Potter Grandchildren, L.L.C. ("Potter") timely objected [Record No. 11] and KenAmerican filed a Reply [Record No. 12], and this matter is now ripe.

Potter does not challenge the validity of the arbitration agreement contained in the lease (the "Lease"), dated July 21, 1997, but instead contends that KenAmerican waived its right to compel arbitration when it chose to file the complaint against Potter in Fayette Circuit Court prior to removal to this Court. This Court agrees.

1

"There is a strong presumption in favor of arbitration and waiver of the right to arbitration is not to be lightly inferred." *O.J. Distributing, Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 355-56 (6th Cir. 2003)(quoting *Cotton v. Slone*, 4 F.3d 176, 179 (2nd Cir. 1993)). The parties appear to agree, and this Court holds, that federal law governs whether KenAmerican waived its right to compel arbitration in this matter. *See Francis v. Nami Resources Co., LLC*, No. 04-510-KKC, 2007 WL 3046061, *4 (E.D.Ky. October 16, 2007). "[A]n agreement to arbitrate may be waived by the actions of a party which are completely inconsistent with any reliance thereon." *Gen'l Star Nat. Ins. Co. v. Administratia Asigurarilor de Stat,* 289 F.3d 434, 438 (6th Cir. 2002)(quoting *Germany v. River Terminal Ry. Co.,* 477 F.2d 546, 547 (6th Cir. 1973)(per curiam)).

There can be no question that KenAmerican's decision to file suit against Potter in Fayette Circuit Court flies in the face of the arbitration agreement provision. KenAmerican chose the forum for its dispute. Only when Potter removed the case to federal court and filed a dispositive motion did KenAmerican choose to reverse course and try to enforce the arbitration provision. KenAmerican's timing smacks of forum shopping. Nonetheless, filing this

action in the Fayette Circuit Court was a clear and irrefutable renouncement of the arbitration provision.

The difference between this case and the vast majority of authority on the issue of waiver is that the party seeking arbitration in this instance is the Plaintiff, who initially invoked the power of the courts, eschewing arbitration to file its Complaint.  The converse situation, in which a defendant seeks to compel arbitration once a suit is instituted in a court by its opponent, is the far more prevalent scenario.  Citing authority from other jurisdictions, KenAmerican argues that its status as the instigator of this lawsuit is of little consequence to this Court's analysis and that Potter must show that KenAmerican delayed "its assertion to such an extent that the opposing party incurs actual prejudice." *Hurley v. Deutsche Bank Trust Co. Americas*, 610 F.3d 334, 338 (6th Cir. 2010) (internal quotations and citations omitted); *see Zimmer v. CooperNeff Advisors, Inc.,* 523 F.3d 224, 233 (3d Cir. 2008); *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.,* 252 F.3d 218, 229 (2d Cir. 2001); *Realco Enters., Inc. v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* 738 F. Supp. 515, 518 (S.D. Ga. 1990);  *Masthead Mac Drilling Corp. v. Fleck,* 549 F. Supp. 854, 856 (S.D.N.Y.

3

1982); *Marlin Oil Corp. v. Colorado Interstate Gas Co.*, 700 F. Supp. 1076, 1080 (W.D. Ok. 1988).

Potter argues, based on Sixth Circuit precedent, that "[b]ringing suit for damages without relying on the arbitration provision, with defendant pleading to the merits would constitute. . . a waiver" without requiring any showing of actual prejudice to the party arguing that waiver has occurred. *Am. Locomotive Co. v. Chem. Research Corp.*, 171 F.2d 115, 121 (6th Cir. 1948); *Central Trust Co. NA v. Anemostat Products Div.*, 621 F.Supp. 44, 46 (S.D. Oh. 1985) ("The filing of a complaint is notice to a defendant that the plaintiff is refusing to arbitrate.")  In other words, Potter argues that the filing of a complaint so far exceeds a defendant's actions in filing an answer, or even filing a counterclaim against a plaintiff, once suit has already been initiated, that actual prejudice is not necessary.  Thus, Potter argues that waiver occurred in this case upon the filing of the suit and that this Court need not address whether Potter suffered prejudice.  However, this Court agrees with Potter's alternative argument, that it did, in fact, suffer prejudice by KenAmerican's delay in its efforts to enforce the arbitration provision.  Therefore, this Court need not

4

reach the question of whether the filing the complaint alone would suffice to waive the arbitration provision.

Potter asserts that it was prejudiced based on the time, money and energy spent removing the action to this court, engaging in dispositive motion practice by filing a motion to dismiss two of KenAmerican's claims, and responding to KenAmerican's informal requests for discovery. "Prejudice can be substantive, such as when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration, or it can be found when a party too long postpones his invocation of his contractual right to arbitration, and thereby causes his adversary to incur unnecessary delay or expense." *Johnson Assoc. Corp. v. HL Operating Corp.*, 680 F.3d 713, 719-20 (6th Cir. 2012) (quoting *Kramer v. Hammond*, 943 F.2d 176, 179 (2nd Cir. 1991)). While only three months had passed from the commencement of the action until KenAmerican tried to compel mediation and no scheduling order had been entered, Potter undertook substantial activity in this matter by removing the case, responding to informal discovery requests, and preparing dispositive motions. Potter would not have undertaken these activities if arbitration had been contemplated from the outset. Consequently, KenAmerican's delay in asserting

5

its right to arbitration directly caused Potter to suffer "unnecessary delay or expense." *Gen. Star Nat'l Ins. Co.*, 289 F.3d at 438.

Moreover, KenAmerican's delay also resulted in a tactical advantage. KenAmerican only asserted the arbitration clause after the suit was removed from its chosen forum and after it had the benefit of review of Potter's arguments against its claims.

Because KenAmerican waived its right to compel arbitration, the Court need not reach Potter's alternative argument that Count II is outside of the scope of the arbitration clause.

For the foregoing reasons, **IT IS ORDERED** that KenAmerican's Motion to Stay and Motion to Compel Arbitration [DE 8] is **DENIED**.

This the 4th day of January, 2013.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

6